14906

SULTAN v. METROPOLITAN LIFE INSURANCE CO.

(3 S. E. (2d), 881)

March, 1934.

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for appellant,

*Messrs. C. T. Graydon* and *Henry H. Edens,* for respondent,

July 18, 1939.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE WM. H. GRIMBALL.

This cause was commenced by the service of summons and complaint on September 5, 1933. It came to trial at the March, 1934, term of the Court of Common Pleas for Richland County and resulted in a verdict in favor of the above-named respondent. Motion for a new trial was made by appellant and this was refused by order of December 20, 1934.

From the judgment entered on the verdict the insurance company now appeals to this Court on three exceptions: The first challenging the action of the trial Court in striking the second and third defenses from appellant's answer; the sec-

ond challenging the trial Court's action in ruling out testimony offered by appellant relative to fraud on the part of respondent; and the third challenging the trial Court's action in refusing appellant's motion for a new trial.

It is obvious that if the trial Court was correct in striking the two defenses from the answer, the second and third exceptions are without merit. The testimony offered by appellant and refused by the trial Court went to establish the allegations of the defenses which had been stricken. The record discloses that the grounds for appellant's motion for a new trial were that the Court erred in striking the two defenses from the answer and erred in ruling out the testimony relative thereto. Therefore, if there was no error in striking the defenses it follows there was no error at all in the trial Court's ruling complained of.

The cause of action stated in respondent's complaint was one for fraudulent breach of a contract to make her the beneficiary of an insurance policy in consideration of her paying the premiums to become due on that policy. The second and third defenses which the trial Court struck pertain to the validity, not of the contract sued on, but of the contract of insurance—a contract wholly between the insured and the company. The Circuit Court held that the issues sought to be raised by the second and third defenses were not relevant to the present suit, and it is our opinion that under the facts of the case there was no error in such ruling.

It is, therefore, ordered that the judgment below be affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.